UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNILOY MILACRON INC.                                                                                              PLAINTIFF

v.                                                                                          CIVIL ACTION NO. 3:06-CV-537-S

PNC BANK, N.A., et al.                                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon motion of the defendants, PNC Bank, N.A. and PNC Financial Services Group (collectively "PNC Bank"), for reconsideration (DN 42) of this court's opinion (DN 39) and order (DN 40) granting partial summary judgment to the plaintiff, Uniloy Milacron Inc. ("Uniloy").

In support of its motion, PNC Bank states that both parties inadvertently misidentified the International Chamber of Commerce ("ICC") publication governing the letter of credit at issue in this case. In their cross motions for summary judgment, both PNC Bank and Uniloy stated that ICC Publication No. 500, Uniform Customs and Practice for Documentary Credits ("UCP") governed the letter of credit. PNC Bank now states that the parties were mistaken and that the actual governing publication is ICC Publication No. 590, International Standby Practices 1998 ("ISP 98). PNC Bank contends that when examined through the lens of ISP 98, Uniloy's demand for payment did not achieve strict compliance with the terms of the letter of credit. For its part, Uniloy agrees that it previously misidentified the applicable publication and that ISP 98 does in fact govern the letter of credit in this case. Uniloy, however, contends that the application of the rules set forth in ISP 98 does not alter the court's previous conclusion that its demand for payment strictly complied with the terms of the letter of credit.

In our previous opinion we noted that the letter of credit in this case required Uniloy, in its demand for payment, to provide PNC Bank with, *inter alia*, a dated certification signed by an authorized Uniloy representative stating that it had not received payment from MAB Group, LLC ("MAB") within sixty days of its shipment to MAB of certain machines. We also noted that the certification presented to PNC Bank by Uniloy was not dated. PNC Bank argued that inasmuch as the letter of credit authorized Uniloy to obtain payment from it only if Uniloy remained unpaid by MAB more than sixty days after Uniloy's shipment of the machines, the absence of a date on the certification could have misled it into paying Uniloy prior to the expiration of sixty days after the shipping date. In our previous opinion, we noted that although the certification was not dated, the cover letter attached to Uniloy's demand was dated. We held that because the cover letter expressly referred to the letter of credit and was signed by the same Uniloy representative that signed the certification, PNC Bank could not have been misled by the absence of a date on the signed certification.

In its motion to reconsider, PNC Bank points out that ISP 98 states that "documents presented which are not required by the standby need not be examined and, in any event, shall be disregarded for purposes of determining compliance with the presentation." ISP 98 § 4.02. PNC Bank argues that because Uniloy's cover letter was not required by the letter of credit to be included in the demand for payment, the court should not have considered the date on the cover letter. Even if the court disregards the cover letter, the court still finds that there is no possibility that PNC Bank could have been misled by the absence of the date to its detriment, and therefore, that Uniloy's demand for payment was in strict compliance with the terms of the letter of credit. *See Tosco Corp. v. Federal Deposit Ins. Corp.*, 723 F.2d 1242, 1248 (6th Cir. 1983). As required by the letter of credit, Uniloy submitted bills of lading evidencing the shipment date of the machines. The bills of lading indicate a shipment date of May 3, 2006. PNC Bank did not receive Uniloy's demand for payment until July 31, 2006. After examining

the bills of lading and comparing the shipment date with the date on which it received the demand for payment, PNC Bank would have clearly been aware that Uniloy's demand for payment was made more than sixty days after the shipment date.

For the above stated reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

(1) PNC Bank's motion for reconsideration (DN 42) is **DENIED**.

(2) Uniloy's motion for voluntary dismissal of their remaining claims (DN 41) is **GRANTED** and such claims are **DISMISSED** without prejudice.

(3) This court's April 22, 2008 order (DN 40) granting partial summary judgment to Uniloy is a **FINAL JUDGMENT** and there is no just reason for delay.

**IT IS SO ORDERED**.